UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

ANITA MARIA MCCOY,  )
       Plaintiff,  )
       )
v.  )    Civil Action No. 4:21cv60
       )
E. CALLOWAY, *et al.*,  )
       Defendants.  )
       )

**MEMORANDUM OPINION**

This matter is before the Court to review the sufficiency of an Amended Complaint filed by *pro se* Plaintiff Anita Maria McCoy ("Plaintiff") in response to an Order to Show Cause issued by the Court. For the reasons set forth below, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**I. RELEVANT BACKGROUND**

Plaintiff, appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. The Court granted Plaintiff's IFP Application and directed the Clerk to file Plaintiff's Complaint. Order at 1, ECF No. 2. However, Plaintiff did not sign her Complaint, and as a result, the Court ordered Plaintiff to do so within thirty days. *Id.* Plaintiff timely complied with the Court's instructions. Compl., ECF No. 4.

In her Complaint, Plaintiff identified the following sixteen entities and individuals as Defendants in this action: (i) the Hampton, Virginia Police Department; (ii) the Hampton, Virginia Commonwealth Attorney's Office; (iii) the Hampton, Virginia City Attorney's Office; (iv) the Norfolk, Virginia Medical Examiner's Office; (v) E. Calloway; (vi) K.A. Rose; (vii) B. Kernodle;

(viii) V. East; (ix) A.M. Frescatore; (x) D.C. Hodges; (xi) J.W. Crowder; (xii) K.B. Lawrence; (xiii) B.D. Gainer; (xiv) Wendy Gunther; (xv) Rob Robinson; and (xvi) Lola R. Perkins (collectively "Defendants"). *Id.* at 1-2.

Plaintiff's Complaint was difficult to decipher; however, it appeared that Plaintiff challenged the actions taken by Defendants before and/or after the death of Plaintiff's daughter. *Id.* at 1-5. In the "Statement of Claim" section of her Complaint, Plaintiff alleged that "[D]efendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances." *Id.* at 4. Specifically, Plaintiff alleged that Defendants:

> Did not contact swat team in a timely manner[;]
> Did not contact deceased['s] parents before disclosing of death to neighbors[,] which resulted in public humiliation [and] pain [and] suffering[;]
> Gave inaccurate accounts of injuries sustained[;]
> Gave [in]accurate accounts of events that took place during crime[; and]
> Spoliat[ed] . . . evidence[.]

*Id.* As relief, Plaintiff sought the production of certain videos, answers to certain questions, a review of "this entire case," and an unspecified amount of damages for pain and suffering. *Id.*

Upon review, the Court determined that Plaintiff's Complaint did not adequately establish that jurisdiction was proper in this Court. Order Show Cause at 2-4, ECF No. 5. The Court issued an Order to Show Cause, in which it explained:

> Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction on [their] own motion,' without regard to the positions of the parties." *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *see Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court."). As set forth in Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks

> subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).
>
> Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A federal court has subject matter jurisdiction over civil cases (i) "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"); or (ii) in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which complete diversity of citizenship exists between the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332.

*Id.* at 2-3.

It appeared to the Court that Plaintiff intended to rely on diversity jurisdiction as the basis for subject matter jurisdiction in this action. *Id.* at 3 (noting that Plaintiff utilized a form document titled, "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)" as her Complaint). All of the named Defendants appeared to be citizens of Virginia, but Plaintiff's Complaint contained conflicting information regarding Plaintiff's citizenship. *Id.* For example, on page three of the Complaint, Plaintiff specifically identified herself as a citizen of Virginia; however, on page one of the Complaint, Plaintiff listed her address as 504 Montague Road, Currie, North Carolina 28435. *Id.* (citing Compl. at 1, 3). In light of this conflicting information, it was unclear to the Court whether complete diversity existed between the parties. *Id.* Further, Plaintiff's Complaint did not specify the amount of damages that Plaintiff seeks to recover in this lawsuit. *Id.* (citing Compl. at 4). Thus, it was unclear to the Court whether this action met the monetary threshold necessary for diversity jurisdiction. *Id.* Additionally, the Court noted that Plaintiff did not identify "any federal laws that could serve as the basis for federal question jurisdiction in this action." *Id.* at 3-4. Under these circumstances, the Court determined that (i) "Plaintiff has not adequately established that subject matter jurisdiction is proper in this Court"; and (ii) "dismissal of this action is warranted under Federal Rule 12(h)(3)." *Id.* at 4.

In addition to the jurisdictional issues, the Court determined that Plaintiff's Complaint suffered from other defects. *Id.* The Court explained that when a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *Id.* (citing 28 U.S.C. § 1915(e)(2)). "A *pro se* complaint should survive only when a plaintiff has set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Upon review of Plaintiff's Complaint, the Court stated:

> In this action, it appears that Plaintiff intends to assert negligence claims against Defendants; however, Plaintiff's Complaint fails to allege sufficient facts to state a plausible negligence claim against any Defendant. *See Federico v. Lincoln Military Hous., LLC*, 127 F. Supp. 3d 623, 641 (E.D. Va. 2015) (summarizing the required elements for a negligence claim under Virginia law); *see also* Compl. at 4 (failing to attribute any alleged negligent conduct to any particular Defendant). Therefore, even if the Court could properly exercise jurisdiction over this action, dismissal would nevertheless be required under 28 U.S.C. § 1915(e)(2).

*Id.*

In deference to Plaintiff's *pro se* status, the Court chose not to immediately dismiss this action. *Id.* Instead, the Court provided Plaintiff with an opportunity to file an Amended Complaint. *Id.* The Court stated:

> Plaintiff is ORDERED to SHOW CAUSE why this action should not be dismissed by filing an Amended Complaint within thirty days from the date of entry of this Order to Show Cause. Plaintiff is ADVISED that the Amended Complaint will supersede her initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:
>
> (i) be clearly labeled as Plaintiff's Amended Complaint;
>
> (ii) clearly identify all Defendants against whom Plaintiff intends to assert claims;
>
> (iii) clearly state, with specificity, each claim that Plaintiff intends to assert against each Defendant;

  (iv) clearly identify a valid basis for the Court's jurisdiction over all asserted claims; and

  (v) clearly set forth all factual allegations upon which each asserted claim is based.

*Id.* at 4-5.

## II. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff timely filed an Amended Complaint.[1] Am. Compl., ECF No. 6. However, Plaintiff's Amended Complaint, like her initial Complaint, is difficult to decipher. *Id.* at 1-3. In her Amended Complaint, Plaintiff alleges that her daughter was murdered on July 25, 2019, and that Defendant Calloway, who led the murder investigation, was dishonest with Plaintiff regarding the circumstances of her daughter's death. *Id.* Plaintiff also takes issue with the manner in which her daughter's death was investigated and the responses that Plaintiff received from various sources to certain information requests. *Id.* (alleging that "[n]o one person can give me a clear explanation as to what took place and prove it"). Plaintiff states: "I am asking the [C]ourt to look over the evidence and issue a ruling in a chance for me to prove my case because no one story which I have been given is supported by the evidence that I have been provided thus far." *Id.* at 2-3. It appears that Plaintiff continues to assert negligence claims against Defendants based on their alleged actions. *Id.* Plaintiff states: "I do believe that the facts as outlined in this case show[] that there was severe negligence and protocol was not followed correctly." *Id.* at 3. As relief, Plaintiff seeks $250,000.00 in monetary damages. *Id.*

As summarized above, the Court previously determined that Plaintiff's initial Complaint did not adequately establish that subject matter jurisdiction was proper in this Court. Order Show

---

[1] As an initial matter, the Court notes that Plaintiff's Amended Complaint is unsigned and thus fails to comply with the signature requirement of the Federal Rules of Civil Procedure. Am. Compl. at 1-3; *see* Fed. R. Civ. P. 11(a) (explaining that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented"). However, because the Court determines herein that the dismissal of this action is warranted, the Court will not require Plaintiff to file a signed version of her Amended Complaint.

Cause at 2-4. Plaintiff appeared to rely on diversity jurisdiction as the basis for subject matter jurisdiction in this action; however, Plaintiff provided conflicting information regarding her own citizenship and did not specify the amount of damages at issue in this case. *Id.* at 3; *see* Compl. at 1, 3 (identifying Plaintiff as a Virginia citizen, but providing a North Carolina address for Plaintiff). In its Order to Show Cause, the Court specifically ordered Plaintiff to file an Amended Complaint that, among other things, "clearly identif[ied] a valid basis for the Court's jurisdiction over all asserted claims." Order Show Cause at 5.

Despite the clear instructions set forth in the Court's Order to Show Cause, Plaintiff's Amended Complaint does not adequately address the jurisdictional issues raised by the Court. Am. Compl. at 1-3. Although Plaintiff now requests damages of an amount that meets the monetary threshold necessary for diversity jurisdiction, Plaintiff ignores the Court's citizenship question. *Id.* Plaintiff fails to clarify whether she is a citizen of Virginia or North Carolina for purposes of establishing diversity jurisdiction. *Id.* Further, Plaintiff names two additional Defendants in her Amended Complaint without providing any information regarding their citizenship.[2] *Id.* Thus, based on the record before the Court, the Court finds that Plaintiff has not established that subject matter jurisdiction is proper.[3] Because the Court finds that Plaintiff has not established that jurisdiction is proper in this Court, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.[4]

---

[2] Plaintiff's Amended Complaint only asserts claims against six of the Defendants named in the initial Complaint. Am. Compl. at 1. In addition, the Amended Complaint includes two new individual Defendants, "Sergeant Bonds" and "Orrin Gallop, Police Chief." *Id.*

[3] Plaintiff's Amended Complaint does not identify any federal laws that could serve as the basis for federal question jurisdiction in this action. Am. Compl. at 1-3.

[4] Even if the Court could properly exercise jurisdiction over this action, the Court finds that dismissal would nevertheless be warranted under 28 U.S.C. § 1915(e)(2). Specifically, the Court finds that Plaintiff's Amended Complaint, like her initial Complaint, fails to allege sufficient facts to state a plausible negligence claim against any of the named Defendants. *See* Am. Compl. at 1-3; *Federico*, 127 F. Supp. 3d at 641 (summarizing the required

### III. CONCLUSION

For the reasons set forth above, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

An appropriate Order shall issue.

        /s/
Roderick C. Young
United States District Judge

Richmond, Virginia
September 28, 2022

---

elements for a negligence claim under Virginia law); *see also* 28 U.S.C. § 1915(e)(2) (explaining that a court is required to dismiss an action filed by a litigant proceeding *in forma pauperis* if the court determines that the operative complaint fails to state a claim on which relief may be granted).